Filed 3/16/26  P. v. Phillips CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEVIN PHILLIPS,<br><br>    Defendant and Appellant. | 2d Crim. No. B337616<br>(Super. Ct. No. TA130215)<br>(Los Angeles County) |

Kevin Phillips appeals after the trial court denied his petition for resentencing under Penal Code section 1172.6.[1] Appellant contends he is entitled to relief because the jury instructions, including those on aiding and abetting, allowed the jury to convict him "on an overly broad or improper theory of imputed malice."  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

"In 2014, a jury convicted [appellant], [Marvin] Vital, and [Christopher] Ladd of the first degree murder of [Markice] Brider (§§ 187, subd. (a), 189 [count 2]) and found true the special

---

[1] Undesignated statutory references are to the Penal Code.

circumstance allegation that the murder was intentionally committed for the benefit of a criminal street gang (§ 190.2, subd. (a)(22)). The jury also found true allegations that a principal discharged a firearm causing death and that the murder was committed for the benefit of a criminal street gang (§§ 186.22, subd. (b)(1)(A), 12022.53, subds. (b)-(e)). [Appellant] was sentenced to life without the possibility of parole plus 25 years to life." (*People v. Phillips* (Jan. 27, 2022, B308806) [nonpub. opn.], fn. omitted.)

On appeal, we struck appellant's parole revocation fine and remanded for the trial court to exercise its discretion whether to strike his section 12022.53 enhancement in light of Senate Bill No. 620 (2017-2018 Reg. Sess.). (*People v. Phillips* (June 20, 2018, B272498 [nonpub. opn.].) The trial court declined to strike the enhancement, and we affirmed the judgment on appeal. (*People v. Phillips* (Mar. 10, 2020, B297896) [nonpub. opn.].)

In September 2020, appellant filed a petition for resentencing under section 1170.95 (subsequently renumbered section 1172.6). The trial court denied the petition, and we affirmed on appeal. (*People v. Phillips*, *supra*, B308806.)

In February 2024, appellant filed a petition for resentencing under section 1172.6. The trial court initially took no action. Following a motion for reconsideration, the court issued a memorandum of decision denying the petition on the merits.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 "altered the substantive law of murder in two areas. First, with certain exceptions, it narrowed the application of the felony-murder rule . . . . Second, [it] imposed a new requirement that, except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder. (§ 188, subd. (a)(3).)

2

'Malice shall not be imputed to a person based solely on his or her participation in a crime.' (*Ibid*.) One effect of this [second] requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine." (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449 (*Curiel*).)

Section 1172.6 sets forth the procedure for defendants convicted under prior law to petition for relief. (§ 1172.6.) Under that section, "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" may file a petition. (§ 1172.6, subd. (a).) One condition for section 1172.6 relief "is that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019.' ([§ 1172.6], subd. (a)(3).)" (*People v. Medrano* (2024) 98 Cal.App.5th 1254, 1261.)

The section 1172.6 process "begins with a facially valid petition that entitles petitioner to counsel, continues with asking whether petitioner has made a prima facie case for relief, and, if so, proceeds to an evidentiary hearing on the ultimate question of whether petitioner should be resentenced." (*People v. Patton* (2025) 17 Cal.5th 549, 562 (*Patton*); § 1172.6, subds. (a)-(d).)

The prima facie inquiry is "'limited.'" (*Patton, supra*, 17 Cal.5th at p. 562.) As in the analogous habeas corpus context, ""'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if [those] factual allegations were proved. If so, the court must issue an order to show cause.""'" (*Id*. at p. 563.)

""'However, if the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility

determination adverse to the petitioner.""'" (*Patton, supra,* 17 Cal.5th at p. 563.)  The Court has cautioned that "'[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in "factfinding involving the weighing of evidence or the exercise of discretion."'" (*Ibid.*)  "'If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.'" (*Curiel, supra,* 15 Cal.5th at p. 450.)

"We review de novo a trial court's denial of a section 1172.6 petition at the prima facie stage." (*People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

Appellant is ineligible for section 1172.6 relief.  The record of conviction conclusively establishes the jury found appellant intended to kill and convicted him as a direct perpetrator or direct aider and abettor—not based on the natural and probable consequences doctrine or any other theory imputing malice based solely on participation in a crime.  Thus, the trial court properly denied the petition at the prima facie stage.

The jury was instructed on both express and implied malice.  (CALCRIM No. 520.)  The jury was instructed "[t]he defendants are guilty of first degree murder if the People have proved that he acted willfully, deliberately, and with premeditation.  The defendant acted willfully if he intended to kill. . . ." (CALCRIM No. 521.)  As to the gang special circumstance, the jury was instructed, *inter alia,* that the People must prove "[t]he defendants intentionally killed" the victim. (CALCRIM No. 736.)

The jury was not instructed on felony murder.  Although the jury was instructed on the natural and probable consequences doctrine, that instruction did not encompass count 2, the only count on which the jury convicted appellant.  The court did instruct on direct aiding and abetting.  (CALCRIM Nos.

4

400, 401.) Direct aiding and abetting remains a valid theory of murder liability. (*Curiel*, *supra*, 15 Cal.5th at p. 462.) Thus, whether the jury convicted appellant as a direct aider and abettor or direct perpetrator, it convicted him on a theory still valid after Senate Bill No. 1437's changes to sections 188 and 189. The record of conviction conclusively refutes appellant's allegation that he could not presently be convicted of murder due to those changes. (§ 1172.6, subd. (a)(3).)

Citing *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*) and *People v. Maldonado* (2023) 87 Cal.App.5th 1257, appellant argues the jury may have imputed malice. *Langi* reversed after determining the standard aiding and abetting instruction "creates an ambiguity under which the jury may find the defendant guilty of aiding and abetting second degree murder without finding that he personally acted with malice." (*Langi*, at p. 982; see also *Maldonado*, at pp. 1266-1267 [following *Langi*].) Other cases have disagreed with *Langi*. (See, e.g., *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 936.) Our Supreme Court may resolve the conflict in *People v. Lopez* (Oct. 4, 2024, F085300) [nonpub. opn.], review granted Jan. 15, 2025, S287814.

We need not wade into the dispute. The jury convicted appellant of first degree murder and found true the gang special circumstance, both of which necessitated an intent to kill finding. Where, as here, justification and excuse are not at issue, "[a]n intent to kill is the equivalent of express malice . . . ." (*People v. Coley* (2022) 77 Cal.App.5th 539, 547.) Thus, the jury "necessarily found" appellant "personally harbored intent to kill or express malice . . . ." (*Ibid*.) *Langi* is inapposite.

Relying on *Curiel* and other cases, appellant argues "[a]n intent to kill finding based on a gang murder special circumstance allegation does not itself conclusively establish ineligibility because intent to kill is only one element of murder

5

and does not by itself establish a valid theory of murder." In *Curiel* and those other cases, however, the jury was instructed on the natural and probable consequences doctrine. (*Curiel*, *supra*, 15 Cal.5th at p. 446; *In re Lopez* (2023) 14 Cal.5th 562, 576; *People v. Campbell* (2023) 98 Cal.App.5th 350, 369.) Here, as we have explained, the jury was not instructed on that doctrine as to count 2, and appellant was convicted on a still-valid theory. *Curiel* does not prevent the intent to kill finding from negating appellant's imputed malice claim under *Langi*. (*Curiel*, at p. 471 [*Curiel*'s holding "does not necessarily apply to other cases where the jury found intent to kill . . . . The jury instructions . . . might be materially different, and they might therefore have required different factual findings . . . ."].)

Appellant's argument under *People v. Reyes* (2023) 14 Cal.5th 981 likewise fails. The defendant in *Reyes* was convicted of second degree murder, and the opinion dealt with the contours of implied malice murder. (*Id.*, at p. 984.) Here, the jury found intent to kill, the equivalent of express malice, as to not only appellant but both codefendants. *Reyes* is inapplicable.

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

6

Ricardo R. Ocampo, Judge
Superior Court County of Los Angeles

_____

Kieran D.C Manjarrez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Ryan M. Smith, Deputy Attorney General, for Plaintiff and Respondent.